UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DALE L. BRADLEY,

        Petitioner,

   v.

JASON BENNETT,

        Respondent.

Case No. C24-1391-JCC-SKV

REPORT AND RECOMMENDATION

I.    INTRODUCTION

Petitioner Dale Bradley is a state prisoner who is currently confined at the Stafford Creek Corrections Center in Aberdeen, Washington, pursuant to a judgment and sentence entered in King County Superior Court case number 17-1-07931-2. Dkt. 5 at 1. Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in which he challenges the validity of his current custody, asserting "Fourth Amendment – unlawful seizure." *Id*. at 2. He raises the following ground for relief: "Does the proper designation of judicial officers in Article III preclude a superior court judge from imposing a criminal sentence without a district court arrest warrant? Fourth Amendment – unlawful seizure." *Id*. at 6. He requests as relief that the Court remand this matter to King County District Court, or, in the alternative, retain supervisory

REPORT AND RECOMMENDATION - 1

jurisdiction "by entering his attempt to exercise his First Amendment right to seek review" in King County District Court. Dkt. 5-4.

On September 13, 2024, the Court issued an Order to Show Cause as to why the petition should not be dismissed for failure to exhaust state court remedies. Dkt. 6. On October 18, 2024, the Court re-sent the Order to Show Cause after Petitioner appeared to suggest that he had not received the Order, and extended the time for Petitioner to respond to November 19, 2024. Dkt. 12. On both occasions, the Court advised that if Petitioner failed to timely respond to the Order to Show Cause, the Court would recommend that this matter be dismissed. Dkt. 6 at 3; Dkt. 12 at 2. To date, Petitioner has not responded to the Court's Order. The Court now recommends dismissal.

## II.   DISCUSSION

The Ninth Circuit has held that "28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment[.]" *White v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc). Petitioner's petition for writ of habeas corpus is therefore properly construed as one brought pursuant to § 2254. To obtain relief under § 2254, a petitioner must demonstrate that each of his claims for federal habeas relief has been properly exhausted in the state courts. 28 U.S.C. § 2254(b)-(c). The exhaustion requirement is a matter of comity, intended to afford the state courts "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citations omitted). To provide the state courts with the requisite "opportunity" to consider his federal claims, a prisoner must "fairly present" his claims to each appropriate state court for review, including a state supreme court with powers of discretionary

1 review. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365
2 (1995), and *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

3     In this case, Petitioner indicates he filed an appeal of his conviction in the Washington
4 Court of Appeals. Dkt. 5 at 2. However, Petitioner also indicates that he did not, in that appeal,
5 raise the issue he now seeks to raise in the current federal habeas matter. *Id*. Petitioner also
6 makes clear that he did not file a petition in the Washington Supreme Court. *Id*. at 2-5.
7 Petitioner's claim is therefore unexhausted and not currently eligible for federal habeas review.
8 The Court should, accordingly, deny the petition and dismiss this matter without prejudice for
9 failure to exhaust administrative remedies.

10     III.    CERTIFICATE OF APPEALABILITY

11     A petitioner seeking post-conviction relief under § 2254 may appeal a district court's
12 dismissal of his federal habeas petition only after obtaining a certificate of appealability from a
13 district or circuit judge. A certificate of appealability may issue only where a petitioner has
14 made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A
15 petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the
16 district court's resolution of his constitutional claims or that jurists could conclude the issues
17 presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537
18 U.S. 322, 327 (2003). The Court should find Petitioner has not met this standard and should
19 deny Petitioner a certificate of appealability

20     IV.    CONCLUSION

21     Because Petitioner failed to respond to the Court's Order to Show Cause and because his
22 claims for federal habeas relief have not been properly exhausted in the state courts, the Court
23

REPORT AND RECOMMENDATION - 3

recommends Petitioner's habeas petition be denied and this matter be dismissed without prejudice. The Court further recommends that a certificate of appealability be denied. A proposed order accompanies this Report and Recommendation.

V.    OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **December 16, 2024**.

Dated this 25th day of November, 2024.

S. KATE VAUGHAN
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4